PER CURIAM.
James Figone petitions this court for a writ of prohibition to bar further proceedings by the circuit court of the Sixth Judicial Circuit in and for Pasco County, where Figone is charged with violation of community control.[1] We grant the petition.
On September 2, 1988, Figone was sentenced to thirty months in prison for defrauding an insurance company.[2] Figone filed a timely notice of appeal and that case remains pending. Figone v. State, No. 88-2812. On December 27, 1988, this court received a voluntary dismissal which, pursuant to our requirement in criminal cases, was signed by both Figone’s attorney and Figone personally. However, before the court could act on the dismissal we received a second, somewhat unusual pro se document captioned “involuntary dismissal and motion to reinstate,” which claimed that the prior voluntary dismissal “was not voluntary at all.” When counsel failed to respond to this motion despite having been requested to do so,[3] we directed that the appeal would proceed. Nothing further was received until June 9, 1989, when Fi-gone, again acting pro se, filed an “emergency motion” which we deemed should be treated as a petition for writ of prohibition.
The “emergency” petition relies upon the following undisputed facts. After filing the appeal in case number 88-2812, Figone apparently persuaded the trial court to vacate his prison sentence and place him on community control. It further appears that Figone, in exchange for mitigation of the sentence, agreed to dismiss the appeal.[4] This proceeding took place November 9, 1988, well over a month before the written voluntary dismissal was submitted to this court. In the meantime Figone was arrested on new felony charges, which remain pending as of this writing and which are also being invoked to violate his community control. Faced with the prospect of a return to state prison *699 notwithstanding the outcome of the new charges, Figone argues that the trial court acted without jurisdiction when it placed him on community control and continues to lack jurisdiction over the insurance fraud case. See, e.g., Matheny v. State, 429 So.2d 1341 (Fla. 2d DCA 1983); Kelly v. State, 359 So.2d 493 (Fla. 1st DCA 1978).[5]
The state appears to concede that the trial court acted without jurisdiction when it reduced the original prison sentence, but suggests that since it would have been proper for us to relinquish jurisdiction to permit litigation of the motion we should now consider such a relinquishment nunc pro tune. However, Figone now conveniently asserts that “any previous motion for reconsideration of sentence will be withdrawn,” and we know of no authority to require a defendant to accept such a modification of sentence. Furthermore, even assuming we could make such a nunc pro tunc pronouncement, we could not retroactively vivify Figone’s community control such that it could then be violated for misconduct occurring during the period of jurisdictional limbo. Nor can we deny relief to Figone on any theory of “acceptance of benefits.” See Wolfson v. State, 437 So.2d 174 (Fla. 2d DCA 1983).
Accordingly, the writ of prohibition is granted. The respondent is hereby directed to vacate his November 9, 1988, order placing Figone on community control, to terminate the pending proceedings for violation of community control, and to reinstate the original state prison sentence with no credit for time spent on community control. This prohibition shall not, of course, extend to any new felony charges the state may choose to prosecute. We are fully aware that this result is likely to displease Figone, who believes in addition to all his other arguments that “further incarceration [is not] the answer.” Our holding in no way should be interpreted as signifying our approval of Figone’s conduct at any stage during this litigation. Exhibits that he himself has provided clearly demonstrate that he freely accepted the trial court’s offer of probation. He should not be rewarded for the fact that the court, when doing so, inadvertently exceeded its authority. We are constrained to agree with his petition only because jurisdiction cannot be conveyed by acquiescence where it does not exist. Wolfson.
Petition granted.
SCHEB, A.C.J., and DANAHY and. SCHOONOVER, JJ., concur.

. Judge Downey, who has entered several orders in connection with this case, was designated by this court as respondent based on exhibits in the appendix to Figone's motion/petition. It is not entirely clear from the record who would have presided over the proceedings that, with this opinion, we are constrained to prohibit. Other, more recent orders have been entered by Judge Lynn Tepper.

. § 817.234, Fla. Stat. (1987).

. This order was directed to an attorney who apparently has ceased to represent Figone. The order was not served upon Mr. Majestic, who has filed a reply in the present case, and no dereliction on his part should be inferred from this opinion.

.We use the term “mitigation” of sentence rather than "correction" because the trial court, in reducing the sentence, was granting a motion to that effect filed by Figone's trial counsel. Fi-gone continues to insist that the court was only correcting an unlawful sentence, based on his belief that the original sentencing guidelines scoresheet was incorrectly calculated. However, a separate pro se motion to this effect was denied by the trial court.

. In fact, Figone would go further and claim that prosecution of the new charge, battery on a law enforcement officer, should be barred as well. He relies upon a rather novel variation of the "fruit of the poisonous tree” theory: because the battery is alleged to have occurred in connection with an arrest for a technical violation of community control, had the trial court acted correctly in the first place there would have been no community control, thus no violation, no arrest, and no resistance on his part. In his own words, “The charges that occurred in December are a direct result of improper jurisdiction.” Suffice it to say that any irregularities in the imposition of Figone’s community control would not ipso facto deprive the trial court of subject matter jurisdiction with respect to new felony charges stemming from the good faith enforcement of that community control.