PER CURIAM.
This is an appeal from an order denying appellant’s motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand for resentencing for reasons which follow.
*428 Appellant was convicted of first degree murder and sentenced to life in prison. Section 775.082(1), Florida Statutes (1977) provided that:
A person who has been convicted of a capital felony shall be punished by life imprisonment and shall be required to serve no less than 25 years before becoming eligible for parole unless the proceeding held to determine sentence ... results in findings by the court that such person shall be punished by death, and in the latter event such person shall be punished by death.
Appellant was not sentenced to death, but rather life in prison, with no express mention of any mandatory minimum.
Appellant argues that his sentence is illegal because it omitted the 25 year mandatory minimum requirement imposed under this statute. Failure to include the mandatory minimum language in the sentence is not fatal to implementation of section 775.-082(1). Rather, we believe that the statute is self-executing, so that a defendant convicted thereunder is not eligible for release from prison prior to serving the mandatory minimum sentence provided. See, e.g., D’Alessandro v. Shearer, 360 So.2d 774 (Fla.1978); Kelly v. State, 414 So.2d 1117 (Fla. 4th DCA 1982).
Therefore, we reverse the sentence and remand with instructions to the trial court to amend the original sentence to expressly impose the mandatory minimum period.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HERSEY, C.J., and LETTS and GLICKSTEIN, JJ., concur.