629 So.2d 1056 (1993)
Mario Antonio COLL, Appellant,
v.
STATE of Florida, Appellee.
No. 92-00725.
District Court of Appeal of Florida, Second District.
December 29, 1993.
Julianne M. Holt, Public Defender, and Lewis E. Garlisi, Asst. Public Defender, Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Helene S. Parnes, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Acting Chief Judge.
The appellant challenges the constitutionality of an upward change in his sentence made by the trial court one day after sentence was originally imposed, and he also argues that the trial court should have granted his motion to suppress the evidence against him. We agree with the appellant on the first point but affirm on the second point.
A jury found the appellant guilty of aggravated assault. On January 27, 1992, the trial court sentenced the appellant to a period of five years' incarceration, with a three-year minimum mandatory sentence, as a habitual felony offender. This sentence was to run consecutively to a ten-year sentence as a habitual felony offender on an offense underlying a probationary term which the appellant was found to have violated and which was revoked.
On January 28, 1992, the trial court resentenced the appellant for the offense of aggravated assault to a period of ten years' incarceration, with a three-year minimum mandatory sentence, as a habitual felony offender consecutive to a term of four-and-one-half years' incarceration on the offense underlying the probationary term.
The appellant is correct that the trial court could not increase the appellant's sentence on the current offense, aggravated assault, from five years to ten years. That is a clear violation of double jeopardy. Troupe v. Rowe, 283 So.2d 857 (Fla. 1973). A trial court may not increase a legal sentence after it has commenced.
*1057 Accordingly, we reverse the sentence on the offense of aggravated assault with instructions to reinstitute the original sentence of five years' incarceration, with a three-year minimum mandatory sentence, as a habitual felony offender.
Affirmed in part and reversed in part.
HALL and PATTERSON, JJ., concur.