ALLEN, Judge.
The appellant challenges an order increasing the probationary period of his split sentence. This order was entered over the appellant’s objection at a new sentencing hearing several days after the original sentence was imposed. The court had apparently mis *202 conceived the legal effect of the sentencing guidelines when imposing the original sentence, and resentenced the appellant after becoming aware of this misconception. We agree with the appellant that such resentenc-ing is precluded by the constitutional protections against double jeopardy.
The appellant had begun serving the lawful sentence which the court originally imposed, and resentencing is not permitted merely because of a misapprehension as to the court’s sentencing prerogatives. See Brown v. State, 521 So.2d 110 (Fla.), cert. denied, 488 U.S. 912, 109 S.Ct. 270, 102 L.Ed.2d 258 (1988); Gonzalez v. State, 596 So.2d 711 (Fla. 3d DCA 1992). We reject the state’s assertion that the probationary period could be altered because it was not a “sentence.” Although in certain contexts a distinction may be made between probation and a sentence of imprisonment, it is well established that probation is within the ambit of the double jeopardy protection against increasing a sentence after it has commenced. See e.g. Ayala v. State, 585 So.2d 483 (Fla. 2d DCA 1991); Williams v. State, 578 So.2d 846 (Fla. 4th DCA 1991); Westover v. State, 521 So.2d 344 (Fla. 2d DCA 1988). We likewise reject the state’s assertion that the period of probation could be altered while the appellant was still incarcerated, as the probationary period had not yet commenced. The state relies on language in section 948.01(6), Florida Statutes, which relates to parole and gain time concerns, but which does not govern the double jeopardy analysis. Rather, the total sanction imposed must be considered for purposes of double jeopardy. Cf., Ayala.
Nevertheless, the double jeopardy prohibition against resentencing is not absolute. If a defendant makes an intentional and material misrepresentation as to a factual matter which induces a more lenient sentence, the defendant may not have a legitimate expectation as to the finality of the sentence and double jeopardy protections might not preclude the subsequent imposition of a corrected sentence. See Goene v. State, 577 So.2d 1306 (Fla.1991); see also United States v. Jones, 722 F.2d 632 (11th Cir.1983). In the present case the appellant agreed with and acquiesced in the court’s apparent misconception as to the manner in which the sentencing guidelines would apply. There is no suggestion that the appellant induced such misconception or intended to deceive the court. This is unlike the factual misrepresentation involved in Goene, and is more akin to legal argument (as was involved in Brown). In these circumstances, double jeopardy protections preclude the court from extending the appellant’s lawful split sentence with an extended period of probation.
The challenged order is reversed and the cause is remanded.
SMITH and DAVIS, JJ., concur.