664 So.2d 1031 (1995)
Jeorgie JUPIN, Appellant,
v.
STATE of Florida, Appellee.
No. 93-04277.
District Court of Appeal of Florida, Second District.
November 15, 1995.
Rehearing Denied December 15, 1995.
George T. Pallas of George T. Pallas, P.A., Miami, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Appellee.
RYDER, Acting Chief Judge.
Jeorgie Jupin challenges his conviction for possession of marijuana on double jeopardy grounds and on the grounds that the state failed to prove constructive possession of the drugs. As will be explained below, our reversal based on the prohibition against double jeopardy makes it unnecessary to address Jupin's point based on the sufficiency of the evidence at trial.
The state charged Jupin with possession of marijuana on the grounds of a correctional institution. After the lower court denied a motion to dismiss, the case went to trial on March 15, 1993 and a jury was impaneled. Two days later, the jury was sworn and the rule invoked. Before the first witness was called, the state attorney and Jupin reached a plea agreement. The agreement, announced to the court, was for Jupin to plead no contest to the information, reserving the right to appeal the denial of his dispositive motion to dismiss. The agreed-upon sentence was three years' imprisonment, to run consecutively to any sentence he was then serving. Jupin was then sworn and the court conducted the plea colloquy. Satisfied that the plea was freely and voluntarily entered into, it accepted Jupin's plea, but deferred sentencing until May 4, 1993, pending a presentence investigation. The court then dismissed the previously sworn jury, explaining that it had accepted a plea from Jupin. At the sentencing hearing, the judge rejected Jupin's previously accepted plea and set the case for trial. The new jury returned a verdict of guilty as charged.
Acceptance of a nolo contendere plea is wholly within the trial court's discretion. Once the court accepts the plea, however, the defendant is placed in jeopardy as if he had pleaded guilty. Johnson v. State, 460 So.2d 954, 956 n. 1 (Fla. 5th DCA 1984); approved, 483 So.2d 420 (Fla. 1986). Here, the trial court conducted a plea colloquy, and *1032 concluded: "I'm going to find that your plea has been freely and voluntarily entered to this Court. And I'm going to accept that plea, that plea of no contest." The trial court's acceptance of Jupin's plea was binding; it may not later set aside the accepted plea without legal cause. See State ex rel. Wilhoit v. Wells, 356 So.2d 817 (Fla. 1st DCA), cert. denied, 359 So.2d 1222 (Fla. 1978). The trial court's change of mind, apparently based on its disagreement with the recommended sentence, is not legal cause. See Wilhoit, 356 So.2d at 823. It erred when it set aside the previously accepted plea. By reinstating Jupin's not guilty plea and proceeding with a trial, the lower court violated the prohibition against double jeopardy.[1]
Because the court erred when it set aside Jupin's no contest plea, we hold that the plea is still in effect. We reverse the sentence the lower court imposed after trial and remand with directions to sentence Jupin to three years' imprisonment, consecutive to any sentence he was serving at the time of the entry of the plea, in accordance with the plea agreement.
Reversed and remanded.
ALTENBERND and WHATLEY, JJ., concur.
NOTES
[1] Jupin also argues that he should be discharged because jeopardy attached when the first jury was sworn, citing State v. Kennon, 652 So.2d 396 (Fla. 2d DCA 1995). Kennon is distinguishable because there the judge, after the jury was sworn, granted the defendant's motion to suppress and dismissed the case against him. See State v. Rhines, 435 N.W.2d 542 (Minn. Ct. App. 1989). Here, the charge against Jupin has always remained pending. Moreover, Jupin retained primary control of the course of the proceedings when he chose to accept the state's offer of a plea bargain. He gave up his right to have his trial completed by a particular jury "in exchange for relief from the consequences which might have resulted from a disposition rendered by that tribunal." U.S. v. Baggett, 901 F.2d 1546, 1549 (11th Cir.1990), cert. denied, 498 U.S. 862, 111 S.Ct. 168, 112 L.Ed.2d 133 (1990). In this situation, the fact that a jury was previously sworn would not bar his retrial.