STEVENSON, Judge.
Appellant, Andrew Jackson, was accused of stealing eight pairs of scissors from a Winn-Dixie store. As a result, the State filed misdemeanor petit theft charges in county court and felony petit theft charges in circuit court. Jackson pled no contest to the felony petit theft charge in circuit court and sentencing was deferred. In the meantime, Jackson pled guilty in county court to the misdemeanor charge and was sentenced to nine months imprisonment. When Jackson reappeared in circuit court for sentencing on the felony charge, he argued that any imposition of sentence on the felony charge would violate double jeopardy. The trial judge disagreed and sentenced Jackson to five years imprisonment. We affirm the circuit court conviction and sentence without prejudice to appellant’s right to seek direct or collateral relief, if timely, from the judgment and sentence entered in county court on the misdemeanor petit theft charge.
Both the United States and Florida constitutions protect a criminal defendant from being twice put in jeopardy for the same offense. U.S. Const, amend. V; Art. I, § 9, Fla. Const. “A rule of thumb is that if an offense under one of the statutory offenses is a necessarily lesser included offense under the other statutory offense, then the double jeopardy prohibition is offended by separate convictions and sentences.” Previlon v. State, 500 So.2d 716, 717 (Fla. 4th DCA 1987). Since misdemeanor petit theft is a lesser included offense of felony petit theft, the separate convictions and sentences imposed upon Jackson violate double jeopardy principles. See Flarity v. State, 527 So.2d 295, 296 (Fla. 5th DCA 1988)(stating that “petit theft is unquestionably a basic substantive offense and a necessarily lesser offense of all other theft offenses including felony petit theft ...”).
The question remaining is whether it is the circuit court judgment and sentence that violates double jeopardy. We conclude that it is not.
Where a criminal defendant enters a plea of nolo contendere, jeopardy attaches at that moment in time when the trial court unconditionally accepts the plea. Smith v. State, 559 So.2d 1281, 1283 (Fla. 5th DCA 1990); Johnson v. State, 460 So.2d 954, 957 (Fla. 5th DCA 1984), approved, 483 So.2d 420 (Fla.1986); State ex rel. Wilhoit v. Wells, 356 So.2d 817, 822 (Fla. 1st DCA), cert. denied, 359 So.2d 1222 (Fla.1978). Having once been placed in jeopardy, the accused may not thereafter be prosecuted for the same offense a second time. R.M. v. State, 603 So.2d 64, 65 (Fla. 3d DCA 1992).
Here, Jackson’s plea of nolo conten-dere to the felony charge was accepted prior to the entry of any plea in county court. Jeopardy attached upon acceptance of the plea in the circuit court case preventing any subsequent prosecution of Jackson. Therefore, while the later prosecution in county court may have violated the prohibition against double jeopardy, the judgment of conviction and sentence entered with respect *1229 to the felony petit theft charge, to which jeopardy first attached, did not.
AFFIRMED.
WARNER and PARIENTE, JJ., concur.