CAMPBELL, Acting Chief Judge.
Appellant appeals his sentence following the revocation of his community control. He contends that the trial court erred in increasing his sentence initially imposed and imposing a greater sentence than that agreed upon in a negotiated plea agreement. We agree.
Appellant was initially charged with grand theft (case number 93-13565) and three counts of dealing in stolen property and three counts of grand theft (case number 93-14677). He pled guilty to the charges and was sentenced to two years community control followed by three years probation. Appellant was subsequently charged with violating the terms of his community control by committing grand theft and petit theft (case number 94-07149). Appellant pled guilty to these charges and was placed again on two years community control. Appellant was thereafter charged with violating his community control by not reporting to the Probation and Restitution Center after his release from county jail as required by the special conditions of his community control.
Appellant pled guilty to this violation based upon a negotiated plea of eighteen months incarceration. The trial judge accepted the plea and appellant was sentenced accordingly. Before appellant was to begin serving his sentence, he requested time to get his affairs in order and the trial judge agreed. The court granted appellant a furlough until the following Monday morning whereupon he was to report to the jail. Appellant failed to report as instructed and was later picked up on a warrant, brought back before the judge, and resentenced to four- and-a-half years incarceration in cases 93-13565 and 93-14677, and twenty-five months incarceration in case number 94-07149.
The record is clear that the trial judge did not withhold sentencing or, in any way, make appellant’s plea or sentence conditional upon his return from the furlough, nor did the judge warn appellant of the consequences of his failure to return. Therefore, the trial judge’s act of increasing the previously-imposed lawful sentence clearly violated appellant’s constitutional rights against double jeopardy. Troupe v. Rowe, 283 So.2d 857 (Fla.1973); Hinton v. State, 446 So.2d 712 (Fla. 2d DCA 1984); Royal v. State, 389 So.2d 696 (Fla. 2d DCA 1980); Beckom v. State, 227 So.2d 232 (Fla. 2d DCA 1969).
Accordingly, we reverse appellant’s sentence with instructions that the trial judge reinstate the original eighteen-month sentence.
SCHOONOVER and WHATLEY, JJ., concur.