707 So.2d 803 (1998)
Rodolfo NAVARRETE, Appellant,
v.
STATE of Florida, Appellee.
No. 95-4031.
District Court of Appeal of Florida, First District.
February 17, 1998.
*804 Nancy A. Daniels, Public Defender; Fred Parker Bingham II, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Daniel A. David, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant, Rodolfo Navarrete, appeals the trial court's imposition of a new sentence following his conviction for attempted premeditated murder. We affirm in part and reverse in part.
Appellant originally received an eighty-two month sentence after the State submitted an incorrect scoresheet which undervalued the offense.[1] Also, after orally invoking the three-year minimum mandatory at the hearing, the trial court did not include it in the written order. Within a few days, the State moved to correct the sentence based on the incorrect scoresheet and the omission of the minimum mandatory. Two weeks after the original sentence was imposed, the trial court vacated it and resentenced appellant to ten years, including the three-year minimum mandatory.
With few exceptions, "once a defendant has begun to serve his sentence, the judge may not recall that defendant and resentence him to an increased term." Goene v. State, 577 So.2d 1306, 1309 (Fla.1991). Double jeopardy precludes a court from resentencing a defendant to a greater term because of its own misconception about the sentencing guidelines or the State's error in calculating the scoresheet. See Spear v. State, 632 So.2d 201 (Fla. 1st DCA 1994); Berry v. State, 547 So.2d 1273 (Fla. 1st DCA 1989). Accordingly, we must reverse the ten-year term and remand for imposition of the original eighty-two month sentence.
However, a trial court has inherent power to correct a scrivener's error. The failure to include the three-year minimum mandatory sentence in the written order was merely an omission of a ministerial duty. Section 775.087, Florida Statutes (1995), automatically attaches once a defendant is convicted of using a firearm during the commission of one of the enumerated felonies. See Jenkins v. State, 556 So.2d 427 (Fla. 4th DCA 1989). Thus, we affirm the trial court's *805 imposition of the three-year minimum mandatory portion of appellant's sentence.
Accordingly, we AFFIRM in part, REVERSE in part, and REMAND for proceedings consistent with this opinion.
BARFIELD, C.J., JOANOS, J., and SMITH, Senior Judge, concur.
NOTES
[1] This sentence was still within the guidelines of the corrected scoresheet.