724 So.2d 1202 (1998)
Ernie Howard NELSON, Appellant,
v.
STATE of Florida, Appellee.
Nos. 97-04456, 97-05293.
District Court of Appeal of Florida, Second District.
November 20, 1998.
*1203 Ernie Howard Nelson, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Ernie H. Nelson challenges his convictions and sentences growing out of his arrest for possessing an open container of a malt liquor beverage during which he spat on one of officers involved. We affirm his convictions without discussion, but reverse his sentence of four years in state prison for battery upon a law enforcement officer.[1] Following is the chronology of events which resulted in deprivations of Nelson's constitutional rights and the usurpation of the jurisdiction of this court:
1) September 9, 1997: Nelson is given a guidelines sentence on the felony of twenty-four months in state prison.
2) September 24, 1997: Upon Nelson's challenge to his guidelines scoresheet, the sentence is reduced to twenty-three months.
3) October 7, 1997: Nelson's sentence is further reduced to fifteen months upon his motion to correct sentence.
4) October 10, 1997: Nelson files his notice of appeal of the judgment and sentence.
5) October 29, 1997: Upon the State's discovery of overlooked prior convictions, Nelson's guidelines scoresheet is rescored and, without notice to Nelson, his sentence is increased to forty-eight months in state prison.[2]
Nelson's insistence upon representing himself on plenary appeal has resulted in a nearly *1204 incomprehensible brief, and the State quite understandably did not respond to the well-camouflaged challenge to his sentence. We requested supplemental briefing from the State on the issues discussed hereafter; the State promptly conceded that these constitutional and jurisdictional shortcomings in the sentencing process mandate reversal.
The transcript of the final sentencing hearing suggests that the trial court, while unsure of its jurisdiction to alter the terms of the sentence while the direct appeal was pending in this court, relied upon the State's conclusion that the trial court retained jurisdiction for sixty days after sentencing to modify the sentence pursuant to Florida Rule of Criminal Procedure 3.800(c), irrespective of Nelson's invocation of this court's jurisdiction with his notice of appeal of October 10, 1997. The clear language of the rule and decisions from this court belie this elementary misunderstanding of jurisdictional principles. See Holmes v. State, 711 So.2d 565 (Fla. 2d DCA 1997); Figone v. Downey, 547 So.2d 697 (Fla. 2d DCA 1989).
At the same time, the State and the trial court ignored an equally fundamental precept of our constitutional law which inheres in the Double Jeopardy Clauses of the U.S. and Florida Constitutions. Resentencing a criminal defendant to a greater term of imprisonment because of an error in calculating the guidelines scoresheet is constitutionally impermissible. See Navarrete v. State, 707 So.2d 803 (Fla. 1st DCA 1998). Navarrete applies this principle to matters overlooked in the preparation of scoresheets, but there is nothing novel about the constitutional proscription against increasing criminal sentences, and this court has consistently disapproved the practice in a variety of contexts. See Gallup v. State, 696 So.2d 803 (Fla. 2d DCA 1997); Coll v. State, 629 So.2d 1056 (Fla. 2d DCA 1993); Ayala v. State, 585 So.2d 483 (Fla. 2d DCA 1991); Westover v. State, 521 So.2d 344 (Fla. 2d DCA 1988); Van Buren v. State, 500 So.2d 732 (Fla. 2d DCA 1987); Hinton v. State, 446 So.2d 712 (Fla. 2d DCA 1984).
The record discloses that Nelson's attorney was provided one day's notice of the proceeding which resulted in the increase in Nelson's sentence, and counsel made it clear that he was not waiving Nelson's right to appear and be heard. Where within the Department of Corrections Nelson resided at the time was unknown to any of the principals, and it is undisputed that no effort was made to procure his attendance. Sentencing is a critical stage of a criminal prosecution for which the defendant has a constitutionally protected right to attend, and his attendance is mandated by our criminal rules. See Fla. R.Crim. P. 3.180(a)(9); Capuzzo v. State, 596 So.2d 438 (Fla.1992) (recognizing the right to attend one's sentencing and determining that the right can be waived by flight). On this basis alone we would be required to vacate the sentence imposed by the trial judge.
The foregoing double jeopardy considerations require that Nelson's sentence for battery upon a law enforcement officer may not exceed the fifteen-month term imposed on October 7, 1997. We vacate the subsequently imposed sentence of forty-eight months, and order the trial court to enter a sentence of fifteen months, concurrently, as had been directed all along, with the sentence on the accompanying misdemeanor.
Convictions and misdemeanor sentence affirmed; felony sentence reversed and remanded with directions.
CAMPBELL, A.C.J., and THREADGILL and CASANUEVA, JJ., Concur.
NOTES
[1] Nelson was tried and convicted of resisting an officer without violence in the same proceeding, and sentenced to one year in the county jail, concurrently with the various state prison terms which were imposed for this felony. The discussion in this opinion is confined to the sentence upon the felony.
[2] Trial counsel filed a second notice of appeal after this last sentencing proceeding, and this consolidated appeal comprehends Nelson's challenge to his convictions and the various sentencing orders which have been entered.