803 So.2d 903 (2002)
Robert Earl PETTIS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-4986.
District Court of Appeal of Florida, First District.
January 8, 2002.
Nancy A. Daniels, Public Defender, Paula S. Saunders, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, Robert L. Martin, Assistant Attorney General, Tallahassee, for Appellee.
ERVIN, J.
Appellant, Robert Earl Pettis, argues on appeal that he was twice placed in jeopardy for the same offense when he was tried by a jury and convicted after the court had accepted his plea to lewd and lascivious battery and sentenced him in accordance with a plea agreement. We agree.
Pursuant to a plea bargain, appellant entered a plea of nolo contendere to the offense of lewd and lascivious battery in *904 return for a sentence of five years in prison, followed by five years of probation and registration as a sexual predator. The court, in compliance with Florida Rule of Criminal Procedure 3.172(c), asked the defendant all the questions required for determining the voluntariness of the plea. Following the colloquy, the judge stated his satisfaction that the plea was freely and voluntarily given, accepted it, adjudged appellant guilty as charged, and sentenced him in accordance with the plea agreement to the five-year prison and probation terms, together with the probationary conditions relating to appellant's status as a sexual predator.
Thereafter, in response to comments from appellant concerning collateral matters, the trial judge sua sponte set aside the plea for the reason that it was not voluntary. In so doing, the trial judge never indicated any desire to change the sentence, and appellant never indicated the plea was anything other than voluntary; in fact, the court acted over appellant's objection.
The case was later tried before a jury and appellant was convicted as charged. Appellant's double jeopardy objection relates to the subsequent trial.[1]
It is axiomatic that in cases involving a conditional plea, as in the present case, jeopardy attaches once the plea is accepted on conditions favorable to the defendant. Brown v. State, 367 So.2d 616, 620-21 (Fla.1979). See also State ex rel. Wilhoit v. Wells, 356 So.2d 817 (Fla. 1st DCA 1978); Jackson v. State, 682 So.2d 1227 (Fla. 4th DCA 1996).
In the instant case, the record shows that the court unconditionally accepted appellant's plea. Once the court had accepted the plea, it was binding and could only be set aside or withdrawn over defense objection for legal cause. See State ex rel. Wilhoit, 356 So.2d at 822; Zamora v. State, 737 So.2d 1165 (Fla. 2d DCA 1999); Jupin v. State, 664 So.2d 1031 (Fla. 2d DCA 1995). We agree with appellant that no legal cause was demonstrated for setting aside the plea in that the judge had found the plea voluntarily entered in accordance with rule 3.172(c).
We conclude that jeopardy attached when the trial court accepted appellant's plea, that no legal ground existed for setting aside or withdrawing the plea, and that the subsequent trial violated appellant's double jeopardy rights. See Jupin, 664 So.2d at 1032; Johnson v. State, 460 So.2d 954 (Fla. 5th DCA 1984). The case is reversed and remanded with directions to enter a conviction and sentence in accordance with the plea agreement.
REVERSED and REMANDED for proceedings consistent with this opinion.
BARFIELD and BENTON, JJ., concur.
NOTES
[1] We reject the state's argument that issue was not preserved for appeal by contemporaneous objection. See Jones v. State, 711 So.2d 633, 634 (Fla. 1st DCA 1998) (a double jeopardy violation constitutes fundamental error).