807 So.2d 781 (2002)
Isaac ROBIE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-4654.
District Court of Appeal of Florida, Second District.
February 22, 2002.
*782 DAVIS, Judge.
Isaac Robie appeals the summary denial of his Florida Rule of Criminal Procedure 3.800 motion. Because the illegality of Robie's sentence is apparent on the face of the record, we vacate the sentence and remand this case for resentencing.
In 1997, Robie entered a negotiated plea on several drug charges. He was given concurrent thirty-month sentences. Prior to entry of the pleas, the trial court discussed with Robie his potential sentences and told him that he faced a possible sixty-year sentence if he went to trial. After this discussion, Robie's counsel told the court that Robie would enter a plea and that he would like three weeks before his reporting date. Robie signed a change of plea form that indicated that his sentence would be thirty months if he reported to the Pinellas County Jail by July 1.
The court then conducted a plea colloquy with Robie, during which the judge informed Robie that he was "reserving the right to resentence" him if he did not report on the assigned date. The trial court then orally pronounced the thirty-month sentence and subsequently entered a written judgment and sentence of thirty months.
Robie did not report to the jail on July 1. Three years later Robie was taken into custody on a warrant issued when he failed to appear to serve his sentence. Over the objection of Robie's counsel, the court sentenced Robie to forty-nine months in prison on the offenses for which he was originally sentenced in 1997.
The trial court cited Gallup v. State, 696 So.2d 803 (Fla. 2d DCA 1997), to support its contention that the increase in Robie's sentence was legal. The facts in Gallup are identical to this case, except that in Gallup the trial court did not inform the defendant that his sentence would be increased if he failed to report to serve his sentence when instructed. This court reversed the new sentence with the instructions that the court reinstate the first sentence, stating: "The record is clear that the trial judge did not withhold sentencing, or, in any way, make appellant's plea or sentence conditional upon his return from the furlough, nor did the judge warn appellant of the consequences of his failure to return." Id. at 804. This court then concluded that increasing the defendant's sentence violated the prohibition against double jeopardy.
During Robie's sentencing hearing the trial judge stated that he complied with the requirement of Gallup that he warn Robie of the consequences of his failure to appear. However, the trial court misread Gallup. The language in Gallup permits a *783 court to warn a defendant that he will receive a greater sentence than what was promised in the plea agreement and then defer sentencing until the defendant returns from his furlough.
Robie's agreement to return from furlough or face an increased sentence was set out in his plea agreement. If the court had waited to sentence Robie until his return from his furlough, jeopardy would not have attached, and the court would have retained jurisdiction to increase his sentence if he did not honor his agreement. See Quarterman v. State, 527 So.2d 1380 (Fla.1988). However, the trial court lost jurisdiction to increase Robie's sentence when the judgment and sentence were rendered. See Nelson v. State, 724 So.2d 1202 (Fla. 2d DCA 1998).
In McCoy v. State, 599 So.2d 645 (Fla. 1992), the supreme court prescribed the procedure to be used when a defendant fails to abide by his plea agreement after the imposition of sentence. This procedure was then adopted as Florida Rule of Criminal Procedure 3.170(g). See Amendments to Florida Rules of Criminal Procedure 3.170 and 3.700, 633 So.2d 1056 (Fla. 1994). This rule requires the State, within sixty days of the defendant's act of noncompliance, to move to vacate the plea. Robie's act of noncompliance occurred when he failed to report to serve his sentence three weeks after the sentencing hearing. No action was taken by the State until Robie was arrested three years later. At this point the court did not have jurisdiction to increase Robie's sentence. Consequently, Robie's sentence must be vacated and his original sentence reinstated.
Reversed and remanded.
BLUE, C.J., and GREEN, J., Concur.