826 So.2d 324 (2002)
Dean Joseph JOSLIN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-4697.
District Court of Appeal of Florida, Second District.
March 22, 2002.
*325 Bernard F. Daley, Jr., Tallahassee, for Appellant.
NORTHCUTT, Judge.
Dean Joslin appeals the summary denial of his motion to correct an illegal sentence.[1] Because the illegality of the sentence is apparent on the face of the record, we vacate his sentence and remand for resentencing in accordance with this opinion.
In June 1995, Joslin entered into a negotiated plea agreement in which he pleaded nolo contendere to two counts of lewd and lascivious activity with a child[2] in exchange for concurrent twelve-year prison sentences as a habitual offender. The sentences were to be suspended after seven years, with the remaining five years to be served on probation. At Joslin's plea hearing on June 25, 1995, the court agreed that he could remain free until August 1, 1995, in order to visit his dying father in Rhode Island. The judge warned Joslin that if he did not return on the appointed date, the court would not be bound by the agreement to sentence him according to the plea, and would hold open the possibility that it might sentence him to as much as sixty years' imprisonment as a habitual offender. The court reiterated that if Joslin did not appear, he could and probably would be subject to a sentence greatly exceeding the one contemplated in his plea agreement.
The court then declared that it was ready to pronounce sentence. The state attorney commented that in order to "protect our ability to do what the court has indicated," perhaps the judge should just accept the plea and not sentence Joslin until the August 1 return date. But the judge stated he would go ahead and pronounce sentence with the understanding that if Joslin did not return, he would be resentenced. The court orally announced the agreed sentence and also entered a written judgment and sentence.
Joslin did not return as planned. He was eventually found in Rhode Island and brought back to Florida. On January 25, 1996, the court amended its previously-imposed sentence, and resentenced Joslin to twenty years' imprisonment as a habitual offender on each count, to run concurrently. Joslin challenged these sentences as illegal in his motion for postconviction relief.
In Robie v. State, 807 So.2d 781 (Fla. 2d DCA 2002), we addressed substantially similar facts and the same issue presented in this case. As in this case, Robie entered into a negotiated plea agreement for a particular sentence. He also requested a furlough before reporting, which the court granted, but warned that it was "reserving the right to resentence" Robie if he did not appear as promised. The court then pronounced the agreed-upon sentence and entered a written sentencing order. Robie disappeared and was not apprehended until three years later. As in *326 this case, the circuit court increased his sentence after he was taken into custody.
When reversing Robie's sentence, we pointed out for purposes of double jeopardy analysis under the United States and Florida Constitutions there is a significant difference between sentencing a defendant before releasing him on furlough, as in this case, and accepting a defendant's plea while postponing sentencing until his return from furlough. The double jeopardy clauses afford several distinct protections which attach at various stages of criminal proceedings. For example, jeopardy attaches when a court accepts a defendant's plea. Thereafter, the court may not set the plea aside over the defendant's objection without legal cause, and the defendant is protected from ever being tried for the offenses covered in the accepted plea. Pettis v. State, 803 So.2d 903 (Fla. 1st DCA 2002); Zamora v. State, 737 So.2d 1165 (Fla. 2d DCA 1999).
Jeopardy also attaches when a court imposes a sentence, after which the double jeopardy clauses protect the defendant from receiving a punishment greater than the sentence already imposed. See Troupe v. Rowe, 283 So.2d 857, 860 (Fla. 1973) ("Jeopardy had attached ... and the sentence which had been imposed could not thereafter be increased...."); Coll v. State, 629 So.2d 1056, 1056 (Fla. 2d DCA 1993). Thus, when a court accepts a defendant's plea, but postpones sentencing until the defendant returns on an appointed date, jeopardy attaches only to the plea. If the defendant fails to report for sentencing as agreed, the court may sentence him to a greater punishment than discussed without violating double jeopardy. See Adams v. State, 780 So.2d 955, 958-59 (Fla. 4th DCA 2001); cf. Quarterman v. State, 527 So.2d 1380 (Fla.1988). But if the court sentences the defendant before allowing him to leave on furlough, the principles announced in Troupe and Coll apply; the double jeopardy clauses bar the court from resentencing the defendant to a greater term of imprisonment even though he did not live up to his part of the agreement. As in Robie, resentencing in this case violated Joslin's double jeopardy rights.
As we discussed in Robie, there is a second reason that Joslin's resentencing was improper: the court had lost jurisdiction over him. 807 So.2d at 782-83. In some circumstances a court may retain jurisdiction over a defendant for sixty days after sentencing. For example, the court may entertain a motion to mitigate sentence under Florida Rule of Criminal Procedure 3.800(c). More to the point in this case, "the [S]tate may move to vacate a plea and sentence within 60 days of the defendant's noncompliance with the specific terms of a plea agreement." Fla. R.Crim. P. 3.170(g); see also McCoy v. State, 599 So.2d 645 (Fla.1992). If the State had moved to set aside the plea and sentence in this case because Joslin failed to report to prison as he agreed, the court would have retained jurisdiction. Because the State took no action, however, the court lost jurisdiction to resentence Joslin. See Robie.
We reverse Joslin's sentences of twenty years' imprisonment as a habitual offender and remand to the circuit court to reinstate his original sentence imposed in June 1995.
STRINGER, J., and THREADGILL, EDWARD F., Senior Judge, Concur.
NOTES
[1] Joslin's motion did not state whether he sought relief under Florida Rule of Criminal Procedure 3.800(a) or 3.850. Because several grounds of the motion alleged ineffective assistance of counsel, the circuit court treated it as a rule 3.850 motion. But the motion did not comply with rule 3.850 because it was not sworn. We have determined to treat it as a motion pursuant to rule 3.800(a). Accordingly, we only address ground three of the motion, which claims Joslin's sentence is illegal.
[2] § 800.04, Fla. Stat. (1993).