900 So.2d 491 (2005)
Wilfrid METELLUS, Petitioner,
v.
STATE of Florida, Respondent.
No. SC02-1494.
Supreme Court of Florida.
January 20, 2005.
Rehearing Denied April 15, 2005.
*492 James B. Gibson, Public Defender and Meghan Ann Collins, Assistant Public Defender, Seventh Judicial Circuit, Daytona Beach, FL, for Petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, FL, Angela D. McCravy and Kellie A. Nielan, Assistant Attorneys General, Daytona Beach, FL, for Respondent.
QUINCE, J.
We have for review the decision in Metellus v. State, 817 So.2d 1009 (Fla. 5th DCA 2002), which certified conflict with the decisions in Joslin v. State, 826 So.2d 324 (Fla. 2d DCA 2002), and Robie v. State, 807 So.2d 781 (Fla. 2d DCA 2002). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons below, we approve the Fifth District's decision and disapprove of Joslin and Robie to the extent those cases conflict with Metellus.

FACTS
The State charged Wilfrid Metellus in six informations chronicling numerous criminal violations, some of which involved two of Metellus's associates, Jonel Ocer and Tony Elozar. Metellus agreed to plead guilty to the first count of each information and to testify "truthfully" against any codefendants who proceeded to trial. In exchange, Metellus would be sentenced for each offense concurrently and the prison portion of the sentence would be capped at thirty years. There were two plea hearings. At the first plea hearing Metellus identified Elozar and Ocer and stated that they had participated with him in certain crimes. At a second plea hearing, the prosecutor asked Metellus *493 if everything he had previously stated was "still true." Metellus answered affirmatively and agreed that Elozar and Ocer were the same two people who committed the offenses with him, and he again promised to testify "truthfully" against his codefendants. The trial court then sentenced Metellus to four sentences of fourteen years and two sentences of five years, to run concurrently.
Having established Metellus's testimony on the record, on August 17, 2000, the prosecutor proceeded to trial against Elozar. Shortly before Metellus was to testify against Elozar, Metellus threatened to renege on the plea agreement. He told the prosecutor, "I know you need me. I want 4 instead of 14." Metellus v. State, 817 So.2d 1009, 1011 (Fla. 5th DCA 2002). The prosecutor did not renegotiate Metellus's plea agreement and reminded Metellus that he had sworn to tell the truth at Elozar's trial. Metellus then testified that Elozar had nothing to do with the crime spree and that his prior statements were lies. The case against Elozar was dismissed.
On October 30, 2000, seventy-four days after Metellus reneged on the plea agreement, the State moved to have Metellus's sentence vacated pursuant to Florida Rule of Criminal Procedure 3.170(g), based on Metellus's noncompliance with the plea agreement. Rule 3.170(g) permits the State to move to vacate a plea within sixty days of a defendant's breach of a plea agreement, but the time frame can be altered if stated on the record. In this case, nothing in the record indicates that the time for filing a motion under rule 3.170(g) was altered. Rule 3.170(g) also states that when a motion is filed, the court shall hold an evidentiary hearing on the issue unless the defendant admits noncompliance, and the court must find that substantial noncompliance occurred with the express plea agreement before the plea and sentence can be vacated.
Metellus did not raise any objection to the timeliness of the State's motion. The trial court held an evidentiary hearing, considered the testimony of both Metellus and the prosecutor, found substantial noncompliance with the plea agreement, and then immediately resentenced Metellus to twenty-nine years on each count instead of the initial fourteen years. Metellus appealed the resentencing, arguing that it violated his double jeopardy rights and that rule 3.170 was jurisdictional and thus objection to the State's late motion could be raised at any time.
The Fifth District Court of Appeal affirmed the trial court's order granting the State's motion to vacate and resentencing Metellus. The Fifth District held that because Metellus failed to comply with the plea agreement, resentencing Metellus did not violate double jeopardy. The Fifth District also held that the sixty-day time limit for filing a motion to vacate the sentence in rule 3.170(g)(2)(A) was nonjurisdictional so that any objection based on the timeliness of the motion could be waived and Metellus's failure to object constituted waiver of the claim. Although the Fifth District distinguished this case from Joslin v. State, 826 So.2d 324 (Fla. 2d DCA 2002), and Robie v. State, 807 So.2d 781 (Fla. 2d DCA 2002), it certified conflict to the extent that Joslin and Robie conflict and that they consider rule 3.170 to be jurisdictional.

LAW AND ANALYSIS
We first address Metellus's claim that there was a double jeopardy violation. The Fifth District held that no double jeopardy violation occurred. We agree. The double jeopardy clause does not protect a defendant from reprosecution or resentencing if the defendant willfully refuses *494 to perform a condition of a plea bargain. See, e.g., Melvin v. State, 645 So.2d 448 (Fla.1994) (holding that the constitutional protection against double jeopardy may be waived pursuant to a bargained-for plea); Novaton v. State, 634 So.2d 607 (Fla.1994) (holding that a bargained-for plea waives the right to attack multiple convictions on double jeopardy grounds); see also Metellus, 817 So.2d at 1013 n. 3 (citing numerous additional cases for the proposition that when a defendant enters into a conditional plea agreement that provides for a certain sentence in exchange for compliance with specified conditions, double jeopardy is waived pursuant to the agreement and the State may move to vacate a plea or sentence under rule 3.170 if the defendant breaches the agreement). Metellus does not dispute that double jeopardy is waived if the defendant breaches a provision of a conditional plea agreement. Rather, Metellus argues that his actions did not amount to a breach.
At the hearing on the State's motion to vacate, Metellus stated that he was put in a holding cell with Elozar despite the fact that he was told this would not happen. He stated that Elozar threatened his family. The prosecutor testified that when she learned that Metellus and Elozar were in the same cell, she asked Metellus if there were any problems and he said there were not. She stated that he made a demand for a reduced sentence in the moments before he took the stand, and that she refused. She suggested that Metellus invented the story that Elozar threatened his family only later in order to justify his actions. In this appeal, Metellus argues that he did tell the "truth" at Elozar's trial, and that he never specifically agreed that the "truth" was the same testimony he gave at his own earlier sentencing.
Metellus had originally testified under oath at his own sentencing hearing that Elozar was involved in the crime spree for which he was indicted. At a second hearing, he again stated that his previous testimony regarding Elozar was "the truth." At Elozar's trial, and under oath, Metellus presented a contradictory version of "the truth." Both versions cannot be "the truth." Thus, we agree with the Fifth District that Metellus's competing versions of "the truth" amount to a substantial noncompliance with the terms of his plea agreement and the trial court did not place Metellus in double jeopardy when it resentenced him. See, e.g., Brown v. State, 367 So.2d 616 (Fla.1979) (holding that double jeopardy does not bar reprosecution of an accused who refuses to perform a condition of his guilty plea); State ex rel. Miller v. Swanson, 411 So.2d 875, 877 (Fla. 2d DCA 1981). Thus, the trial court could resentence Metellus for his substantial noncompliance with the plea agreement. The issue, however, is not whether the trial court could resentence Metellus for substantial noncompliance with the plea agreement, but whether it could do so on the State's late motion.
Rule 3.170(g) permits the State to move to vacate a plea within sixty days of a defendant's breach unless the time for doing so is otherwise stated on the record. The State sought to vacate Metellus's sentence more than sixty days after Metellus breached his plea agreement. Metellus did not object to the State's late motion. However, he now argues that the rule is jurisdictional and an objection can be raised at anytime. On this issue, the Fifth District certified conflict with Joslin v. State, 826 So.2d 324 (Fla. 2d DCA 2002), and Robie v. State, 807 So.2d 781 (Fla. 2d DCA 2002). These cases involve defendants who were resentenced after failing to appear at a specified time to report to jail and then only after they were taken *495 into custody. In both cases, the Second District held that the trial court could not impose a greater sentence on resentencing because to do so would violate double jeopardy rights and rule 3.170. In neither Joslin nor Robie does the Second District indicate whether the State filed a motion to vacate the sentence under rule 3.170. Because, as in this circumstance, the defendant's double jeopardy rights are subject to rule 3.170 where the sentence is based upon a bargained-for plea, the implication is that the Second District may have considered rule 3.170(g)(2)(A) jurisdictional.
Rule 3.170(g)(2)(A) specifically states:
(2) Unless otherwise stated at the time the plea is entered:
(A) The state may move to vacate a plea and sentence within 60 days of the defendant's noncompliance with the specific terms of a plea agreement.
The Fifth District held that rule 3.170(g)(2)(A) is not jurisdictional because it permits the time for filing to be altered. A jurisdictional rule cannot be altered by the court or by agreement of the parties. See, e.g., Cunningham v. Standard Guar. Ins. Co., 630 So.2d 179, 181 (Fla.1994) ("We acknowledge that the parties cannot stipulate to jurisdiction over the subject matter where none exists. . . ."); Harrell v. State, 721 So.2d 1185, 1187 (Fla. 5th DCA 1998) (holding that lack of jurisdiction cannot be cured by consent). Because this particular provision allows the time limit to be altered, then, as the Fifth District reasoned, the rule cannot be jurisdictional. We agree with the Fifth District's rationale and conclusion that the rule is not jurisdictional. As the Fifth District points out, the Second District's discussion in Joslin and Robie "could be interpreted as holding that the rule is jurisdictional." Metellus, 817 So.2d at 1015. Because we find that this rule is not jurisdictional, to the extent that Joslin and Robie conflict with Metellus, we disapprove of those cases.
We agree with the Fifth District's reasoning and conclusion that Metellus breached his plea agreement, that he could be properly resentenced for such breach on the State's motion to vacate, and that he waived any objection to the State's late motion to vacate because he failed to raise a timely objection.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, CANTERO, and BELL, JJ., concur.