FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CORTEZ SMALLS,                          )
                                        )
            Appellant,                  )
                                        )
v.                                      )      Case No. 2D12-6079
                                        )
STATE OF FLORIDA,                       )
                                        )
            Appellee.                   )
                                        )
_____ )

Opinion filed August 8, 2014.

Appeal from the Circuit Court for Pinellas
County; Keith Meyer, Judge.

Howard L. Dimmig, II, Public Defender, and
Maureen E. Surber, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Bilal A. Faruqui, Assistant
Attorney General, Tampa, for Appellee.


DAVIS, Chief Judge.

        Cortez Smalls challenges his convictions and sentences for two counts of

robbery and one count each of throwing a deadly missile at or into an occupied vehicle,

obstructing or resisting an officer without violence, and failure to appear.  We reverse.

The charges against Smalls were brought in four separate cases, but Smalls entered negotiated no contest pleas to the charges at one plea hearing. Pursuant to an agreement put forth by the trial court, Smalls' sentences would be capped at fifteen years. Smalls subsequently filed a motion to withdraw his pleas before sentencing. At the hearing on the motion, after the trial court spoke to Smalls about the maximum sentences he would face were he to go to trial, Smalls exited the courtroom to discuss the matter with his attorney. Upon returning to the courtroom, defense counsel affirmatively stated to the court that Smalls no longer wished to withdraw his pleas. The trial court, however, insisted on granting the motion and set aside Smalls' pleas. Upon subsequent entry of open guilty pleas before a different trial judge, Smalls was sentenced to twenty-year prison sentences on the two robbery counts, to fifteen years on the throwing a deadly missile count, to five years on the failure to appear count, and to time served on the misdemeanor resisting, with all sentences to run concurrently.

Smalls then filed a motion to withdraw his second plea, arguing among other things that his second plea was involuntary because he "had not withdr[awn] his [first] plea . . . and had wished to enter a plea [then]" and that the trial court "did not have grounds nor the authority to withdraw [his first] plea without the Defendant's consent." He further alleged in his motion that the trial court was without authority to accept his second plea "because double jeopardy had attached upon acceptance of the previous plea." The trial court denied this motion, determining that the previous plea had been properly set aside. We disagree.

First, we note that Smalls is correct that "jeopardy attaches once a trial court accepts a defendant's plea." Zamora v. State, 737 So. 2d 1165, 1166 (Fla. 2d DCA 1999). And "[a]fter acceptance of a plea, the trial court may not set aside that plea without legal cause." Id. (emphasis added).[1]

Here, it is clear from the record that Smalls' first plea was accepted by the trial court. Therefore, the question becomes whether the trial court had a legal cause to set aside Smalls' first plea. At the hearing on Smalls' motion to withdraw that plea, after the trial court explained to Smalls that he had a plea agreement capped at fifteen years on each of two robbery counts which carry a maximum of thirty years and that he had made a post-Miranda confession to the two robberies, Smalls left the courtroom with his attorney for further consultation. Upon returning to the courtroom, the trial court expressed concern that Smalls' motion to withdraw plea was based on his feeling that counsel had rushed him into entering the plea and that therefore Smalls had some sort of conflict with his counsel.

However, this does not constitute legal cause to set aside the plea because, as defense counsel pointed out, the remedy for that situation would have been to appoint conflict-free counsel for Smalls and proceed with a hearing on the motion. But the trial court did not do that and instead ruled on a motion to withdraw plea that already had been abandoned by Smalls. This was error. Cf. State ex rel. Wilhoit v. Wells, 356 So. 2d 817, 822 (Fla. 1st DCA 1978) ("[T]he court cannot accept [a guilty or nolo contendere] plea, thus binding the accused, and then reject the plea over the

---

[1]See, e.g., Fla. R. Crim. P. 3.170(f), (l).

defendant's objection, either as a matter of discretion or on some ground insufficient for the rejection of a . . . plea that has been accepted.").

We therefore reverse Smalls' judgments and sentences and remand for further proceedings consistent with this opinion.

KELLY and LaROSE, JJ., Concur.