666 So.2d 1019 (1996)
James R. TRAINER, Petitioner,
v.
Honorable Virginia Gay BROOME, Circuit Court Judge, Fifteenth Judicial Circuit, in and for Palm Beach County, Florida and State of Florida, Respondents.
No. 95-3262.
District Court of Appeal of Florida, Fourth District.
January 24, 1996.
*1020 Richard L. Jorandby, Public Defender, and Andrew M. Pelino, Assistant Public Defender, West Palm Beach, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Elliot Kula, Assistant Attorney General, West Palm Beach, for respondents.
GUNTHER, Chief Judge.
James R. Trainer, defendant below (Trainer), has petitioned this court for a writ of prohibition alleging a violation of his right to a speedy trial. We grant the petition.
On November 4, 1991, Trainer was arrested in Broward County for robbery with a weapon and violation of probation. Thereafter, in December of 1991, the state filed charges in Palm Beach County against Trainer for three offenses including robbery, false imprisonment and grand theft. Subsequently, on March 26, 1992, the Palm Beach County Sheriff's Office informed the Broward County Sheriff's Office of the three Palm Beach County charges and arrest warrants for Trainer. As a result, while in custody in Broward County, Trainer was booked on the Palm Beach County charges on June 19, 1992, and the next day, Trainer was brought into Broward County Circuit Court for a first appearance on his Palm Beach County charges.
Thereafter, on September 8, 1992, Trainer was sentenced on the Broward charges to twenty years in prison and fifteen years in prison for robbery with a weapon and violation of probation, respectively. On or about March 14, 1995, Trainer filed a notice of expiration of speedy trial on the Palm Beach charges pursuant to Florida Rule of Criminal Procedure 3.191(j). Although he was not brought before the court within five days nor tried within fifteen days of this notice, Trainer was transported from the Charlotte Correctional Institute to the Palm Beach County Jail where he was booked on the Palm Beach County charges. On the day of his arrival at the Palm Beach County Jail, April 1, 1995, the capias warrants for the December 1991 Palm Beach charges were served on Trainer.
After a first appearance in Palm Beach on April 2, 1995, Trainer filed a motion for discharge due to the expiration of speedy trial. Ultimately, the trial court denied Trainer's motion concluding that Trainer was taken into custody for speedy trial purposes when the capias warrants were executed on him in the Palm Beach County Jail on April 1, 1995. Additionally, the trial court determined that up until April 1, 1995, Trainer was incarcerated on the Broward County charges, and the fact that a hold was placed upon him in prison in 1992 did not constitute custody for purposes of speedy trial.
Initially, we note that prohibition is the appropriate remedy to prevent a trial court from proceeding against the accused after a motion for discharge for lack of speedy trial has been erroneously denied. Vallieres v. Grossman, 573 So.2d 196 (Fla. 4th DCA 1991). Florida Rule of Criminal Procedure 3.191(a) provides that "every person charged with a crime by indictment or information shall be brought to trial within ... 175 days if the crime charged is a felony." The time period for speedy trial commences when the individual is taken into custody. Fla.R.Crim.P. 3.191(a). Under the criminal rules, a person is taken into custody
(1) when the person is arrested as a result of the conduct or criminal episode that gave rise to the crime charged, or
(2) when the person is served with a notice to appear in lieu of physical arrest.
Fla.R.Crim.P. 3.191(d). Moreover, if evidence exists disclosing that an individual was booked into custody for a specific offense, one must presume that the individual was in fact arrested for that offense. Perkins v. State, 457 So.2d 1053, 1055 (Fla. 1st DCA 1984), rev. denied, 464 So.2d 556 (Fla. 1985). Thus, the act of booking or placing a person into custody for an offense clearly implies that an arrest has occurred. Id.
In the instant case, it is undisputed that Trainer was booked and received a first appearance on the Palm Beach County charges on June 20, 1992. Thus, Trainer was arrested for speedy trial purposes on the Palm Beach County charges on June 20, 1992. The mere fact that Trainer was incarcerated *1021 in Broward County did not render him unavailable to the state and did not prevent him from asserting his speedy trial rights. Jones v. State, 573 So.2d 185 (Fla. 1st DCA 1991); State v. Dukes, 443 So.2d 471 (Fla. 5th DCA 1984). The Palm Beach County authorities obviously had knowledge of Trainer's whereabouts and had the burden of producing him for trial. Pilgrim v. Swanson, 558 So.2d 176 (Fla. 2d DCA 1990); Walker v. State, 492 So.2d 772 (Fla. 1st DCA 1986). Accordingly, Trainer's speedy trial time for the Palm Beach charges commenced when he was booked and had a first appearance on the same on June 20, 1992. Hence, because Trainer was not brought to trial within 175 days of this date, his speedy trial time had expired and his motion to discharge was improperly denied.
Therefore, the petition for writ of prohibition is granted and the trial court is ordered to discharge Trainer.
PETITION GRANTED.
STEVENSON and SHAHOOD, JJ., concur.