PER CURIAM.
Derrick Devon West, the appellant, was charged with robbery with a firearm. Pursuant to a negotiated plea, *1233 West pled nolo contendere to the lesser included offense of strong arm robbery and was sentenced as an habitual violent felony offender to twenty years Florida State Prison with a ten-year mandatory minimum and to a fifteen-year mandatory minimum as a prison releasee reoffender. On appeal, West contends that sentencing him as both an habitual violent felony offender and a prison releasee reoffender for the same offense violates double jeopardy. For the reasons expressed in West’s companion appeal, case number 4D99-2537, we agree that the imposition of the dual sentences violates double jeopardy principles. West’s sentence, however, is the result of a negotiated plea with the State. And, while it is generally true that “a defendant may not agree to an illegal sentence and may even challenge on appeal a negotiated sentence which is illegal,” see Peeples v. State, 698 So.2d 910, 912 (Fla. 4th DCA 1997), the supreme court has carved out an exception for double jeopardy claims. See Novaton v. State, 634 So.2d 607, 609 (Fla.1994)(“The general rule is that a plea of guilty and subsequent adjudication of guilt precludes a later double jeopardy attack on the conviction and sentence.”); Collins v. State, 732 So.2d 1149 (Fla. 1st DCA)(holding that defendant’s claim that her conviction and sentence violated double jeopardy was waived when she entered into a negotiated plea with the State), review granted, 744 So.2d 463 (Fla.1999); Colson v. State, 1Í1 So.2d 554, 556 (Fla. 4th DCA 1998)(“Constitutional double jeopardy protections can be waived in a plea agreement if a defendant bargains for the terms and is aware of the length and nature of the sentences.”). Thus, by entering into the negotiated plea with the State, West has waived his double jeopardy claim.
AFFIRMED.
DELL, STONE and STEVENSON, JJ., concur.