780 So.2d 955 (2001)
Cleveland ADAMS, Appellant,
v.
STATE of Florida, Appellee.
Nos. 4D99-1036, 4D00-333.
District Court of Appeal of Florida, Fourth District.
February 28, 2001.
Rehearing Denied April 12, 2001.
*956 Carey Haughwout, Public Defender, and Steven H. Malone, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, C.J.
Appellant challenges his conviction and sentence for sexual battery on three grounds, two of which we address. First, he claims that the court erred in denying his motion for discharge under the speedy trial rule because he was "in custody" in Broward County on another charge when Palm Beach County placed a "hold" or detainer on him for charges filed in Palm Beach County. We conclude that this issue is controlled by State v. Bassham, 352 So.2d 55 (Fla.1977), and affirm. Second, he claims that the increase of his sentence by the trial court for failure to appear after the furlough granted by the court prior to his imprisonment violated double jeopardy principles. Because the trial court did not orally pronounce his sentence prior to the furlough, the sentence increase did not violate double jeopardy principles. We therefore affirm both the conviction and sentence.

Speedy Trial
On June 2, 1997, appellant was taken into custody in Broward County on a violation of probation charge. Five days later, the Palm Beach County Sheriff's Office advised Broward to place a "hold" on appellant. Later that month, the Palm Beach County state attorney filed an information charging appellant with sexual battery with force.
Several months later, when appellant was in Martin Correctional Facility for a parole violation, a second hold was placed on him by Palm Beach County. In March of 1998, appellant filed his own demand for speedy trial. Finally on September 17, 1998, appellant was brought to the Palm Beach County Sheriff's Office where he was formally notified of the arrest warrant, fingerprinted, photographed, and booked on the Palm Beach County charge. At the time of his first appearance, the state announced that it was ready for trial. The court suggested that appellant could waive speedy trial, which counsel on behalf of appellant did. However, on November *957 30, 1998, a notice of expiration of speedy trial was filed and then a motion for discharge on December 3, 1998. At the December 4, 1998 hearing on the motion, the court announced that the case was ready for trial on December 14, 1998. Appellant subsequently pled no contest, reserving his right to appeal the speedy trial issue.
Appellant makes two claims with respect to the speedy trial issue. First, he contends that he was in custody in June of 1997, and therefore the 175 day speedy trial period began then, expiring well before his first appearance in September of 1998. We disagree. Pursuant to Florida Rule of Criminal Procedure 3.191(a), when the defendant does not demand a speedy trial, he or she must be brought to trial within 175 days of the date he or she is "taken into custody," which is defined in the rule as arrest or service with a notice to appear. See Fla. R.Crim. P. 3.191(d). In the instant case, appellant was not arrested for the crime until he appeared in Palm Beach County in September 1998.
While appellant believes that he was "arrested" when a hold was placed on him by Palm Beach County while he was in Broward County in custody on other charges, State v. Bassham holds otherwise. In Bassham, a defendant was in custody in Hillsborough County when a detainer or hold was placed upon him by the Pasco County Sheriff's Office. The defendant was transferred to Polk County, which had filed an earlier detainer, and then to Pasco County. More than 180 days passed before the defendant was brought to trial, resulting in a motion for discharge. The issue ultimately before the supreme court was "whether a detainer placed by one county for a prisoner held by another county is considered custody within the contemplation of the speedy trial rule from which time speedy trial commences to run." Id. at 55. The court held it was not and reasoned that a detainer warrant was not the equivalent to an arrest for speedy trial considerations. See id. at 56. Bassham requires an affirmance.
Appellant cites to Trainer v. Broome, 666 So.2d 1019 (Fla. 4th DCA 1996), as requiring a reversal. The defendant in Trainer was also booked into custody in Broward County on other charges when Palm Beach County charges were filed against him. However, in Trainer the defendant was brought before a Broward County judge the next day on a first appearance hearing on the Palm Beach County charges. We held that "the act of booking or placing a person into custody for an offense clearly implies that an arrest has occurred." Id. at 1020. Although Trainer did not mention Bassham, we distinguish Trainer from Bassham by the fact of the first appearance held for the defendant in Trainer which was not done in Bassham.
Alternatively, appellant argues that his pro se filed demand for speedy trial in March of 1998 required the state to try him within sixty days. See Fla. R.Crim. P. 3.191(b). As this was not done, he should be discharged despite the fact that his counsel waived speedy trial when appellant was arraigned in Palm Beach County in September 1998. He relies on Walker v. State, 492 So.2d 772 (Fla. 1st DCA 1986). Walker is inapplicable, however, because it dealt with a speedy trial without demand. At the time, rule 3.191(a)(1) required a defendant to be brought to trial within 180 days. The rule provided in part that "if [the defendant is] not brought to trial within such time [he/she] shall upon motion timely filed with the court having jurisdiction and served upon the prosecuting attorney be forever discharged from the crime...." Fla. R.Crim. P. 3.191(a)(1).[1] There was no requirement of a notice of expiration of speedy trial period *958 and a five day "grace" period granted to the state, as there now is under rule 3.191(p). When the 180 day period expired, Walker was entitled to a discharge despite a later waiver by his attorney.
In contrast, appellant filed a demand for speedy trial under Rule 3.191(b). The state was required to try him within sixty days, but the defendant is first required to file a notice of expiration of speedy trial time, a hearing must be held within five days, and the court can order the defendant to be brought to trial within ten days thereafter. See Fla. R.Crim. P. 3.191(p)(3). Therefore, contrary to the prior rule, a speedy trial discharge is not self-executing anymore, and there is a "savings" period for the state. Appellant's attorney, with appellant's consent, waived speedy trial before he filed the notice of expiration and motion for discharge. Appellant pled guilty within the fifteen day window created by the rule. Therefore, he was not entitled to speedy trial discharge.

Sentence
Appellant decided to plead to the charges with an agreed sentence of 15 years. His guideline scoresheet provided for a sentence of 18 .8 years, with a range of 14.4 years to 23.5 years. At the plea hearing, he presented a request that the court allow him to start serving the sentence on December 30, 1998, in order to "put his personal affairs in order." Pursuant to that request, he signed a written "guideline sentence waiver/presentencing release agreement." In the written furlough agreement, he acknowledged his plea agreement and the following:
I, Cleveland Adams, have knowingly, intelligently and voluntarily entered my plea of guilty in the above captioned matter, pursuant to a plea agreement in which I will be sentenced to a period of incarceration of 15 years with credit for time served.
I also understand that although I have no right to be released from jail prior to serving my sentence I will be allowed until 12/30/98 at 8:45 in order to put my personal affairs in order.
I understand that if I fail to voluntarily return to court as ordered, I will not be allowed to withdraw my guilty plea and the court will have total and complete discretion to sentence me to 23.5 years, instead of the sentence set out above in paragraph number one.
At the sentencing hearing on December 4, 1998, he agreed that if he did not return to court on December 30, 1998, at 8:45 a.m., the court would have total discretion to sentence him to 23.5 years, instead of the fifteen year sentence. The court accepted that agreement and again explained to appellant that an increase of the sentence would be made if appellant did not show up at the appointed time. The court thereafter stated, "I adjudicate you to be guilty, I stay and suspend the execution of the sentence until the 30th of December of this year, in this courtroom at 8:45." The court never pronounced the sentence. Nevertheless, a written sentence of fifteen years was entered. It did not contain any provision for the stay of the sentence or of its conditional nature.
Needless to say, appellant failed to appear at the appointed time. When he was finally apprehended and brought to court, the court resentenced appellant to 23.5 years in prison. An amended written sentence was filed to reflect the change.
Appellant challenges the increase in the sentence as a violation of double jeopardy principles, contending that the agreement to increase the sentence as a result of the failure to appear was not part of the plea agreement. We disagree. First, by the written agreement and orally at the hearing, appellant specifically agreed to these requirements and agreed that he could not withdraw his plea if he violated the return provisions. It became part of the court's acceptance of the plea. Second, in our view, no sentence was imposed at the plea hearing. Instead, the court stayed the sentence. Rule 3.700(b) requires the oral pronouncement of sentence. *959 It is black letter law that the written sentence must comport with the oral pronouncement. See Madrigal v. State, 683 So.2d 1093, 1096 (Fla. 4th DCA 1996); Arroyo v. State, 651 So.2d 223, 223 (Fla. 4th DCA 1995). Where no oral sentence was pronounced, a written sentence is invalid. See Sprankle v. State, 677 So.2d 307 (Fla. 1st DCA 1996). Thus, we view the entry of the first written sentencing order as a nullity. As a result, there is no double jeopardy violation because the court did not pronounce sentence until the appellant missed his sentencing hearing.
Appellant also contends that he is entitled to relief under Heggs v. State, 759 So.2d 620 (Fla.2000) and Trapp v. State, 760 So.2d 924 (Fla.2000). We conclude that those cases are inapplicable because appellant specifically agreed to the 23.5 years sentence should he fail to appear. While this may have been a departure sentence under the 1994 sentencing guidelines, he waived his right to challenge any departure from sentencing guidelines pursuant to his signed written agreement. See Quarterman v. State, 527 So.2d 1380 (Fla.1988)(departure from guidelines sentence is permissible where it is based both on defendant's failure to appear at sentencing and a condition of the plea agreement itself); Burgess v. State, 691 So.2d 607 (Fla. 4th DCA 1997).
Affirmed.
STONE, J., concurs in part and dissents in part.
STEVENSON, J., concurs specially.
STONE, J., concurring in part and dissenting in part.
I dissent only as to the sentencing issue; in all other respects, I concur.
In my judgment, rendition of the written sentence precludes a subsequent increase in the length of sentence, notwithstanding that there was no oral imposition of that sentence. That Appellant may have had the right to attack a sentence as inconsistent with an oral pronouncement does not necessarily mean, from his perspective, that jeopardy does not attach upon imposition of the written sentence. The initial sentence was not one that would have been contrary to law, such as would allow appeal by the state had the court not imposed the heavier sentence. Further, it is significant that the trial court did not initially stay the imposition of sentence, but only the "execution" of the written sentence.
STEVENSON, J., concurring specially.
I concur in the result reached in the majority decision and write only to briefly remark on the double jeopardy sentencing issue. In my view, appellant could have no legitimate expectation of finality with respect to the December 4, 1998, written order imposing a fifteen-year sentence because that order was clearly contrary to the trial judge's earlier oral pronouncement in open court that appellant would receive a fifteen-year sentence only if he voluntarily appeared at a subsequent hearing on December 30, 1998. With no legitimate expectation in the finality of the fifteen-year sentence, appellant's constitutional double jeopardy claim must fail. Cf. Goene v. State, 577 So.2d 1306 (Fla.1991); United States v. DiFrancesco, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). Additionally, our courts have consistently held that double jeopardy protections may be waived by a defendant, and that is exactly what happened in this case. See Novaton v. State, 634 So.2d 607 (Fla.1994); West v. State, 758 So.2d 1232 (Fla. 4th DCA 2000). Lastly, there was no constitutional double jeopardy violation since appellant had not yet begun to serve the fifteen-year sentence when the new sentencing order was entered. See Goene; DiFrancesco.
NOTES
[1] 1984 Amendment

(a)(1) Repeals the remedy of automatic discharge from the crime and refers instead to the new subdivision on remedies.