842 So.2d 954 (2003)
Harold INGRAHAM, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-3095.
District Court of Appeal of Florida, Fourth District.
March 26, 2003.
Rehearing Denied April 30, 2003.
Carey Haughwout, Public Defender, and Nan Ellen Foley, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
The narrow issue in this case is whether the trial judge "imposed a sentence" at a plea conference. We hold that a sentence was imposed, triggering double jeopardy protection. Therefore, the court was precluded from enhancing appellant's sentence for breaching a furlough agreement.
Appellant entered a guilty plea that contemplated a 36.45 month prison sentence. The state and the defendant agreed to a three-month furlough for medical reasons. Appellant signed a Guideline Sentence Waiver/Presentencing Release Agreement that provided, inter alia, that if he failed to return to court on a specified date, then the court would have the "total and complete *955 discretion" to sentence him to seventy-two months incarceration instead of the 36.45 months set forth in the plea agreement.
At the end of the plea conference, the trial judge said: "Accept each plea, adjudge you to be guilty, and impose the agreed 36.45 months, to run concurrent on each count with agreed credit. I stay and suspend execution of those sentences until Friday, February 23rd, of the year 2001." On the same day, the court entered a written judgment adjudicating appellant to be guilty; the court also entered a written sentence committing appellant to the Department of Corrections for a term of 36.45 months.
Ultimately, appellant failed to surrender as ordered and the trial court imposed enhanced concurrent sentences of forty-eight months incarceration.
Appellant challenges the enhanced sentences on double jeopardy grounds. Jeopardy "attaches when a court imposes a sentence, after which the double jeopardy clauses protect the defendant from receiving a punishment greater than the sentence already imposed." Joslin v. State, 826 So.2d 324, 326 (Fla. 2d DCA 2002). What constitutes a "sentence" for double jeopardy purposes? "The term sentence means the pronouncement by the court of the penalty imposed on a defendant for the offense of which the defendant has been adjudged guilty." Fla. R.Crim. P. 3.700(a). Contemplating oral pronouncement of a sentence under the subheading "Pronouncement and Entry," the rule states that "[e]very sentence ... shall be pronounced in open court...." Fla. R.Crim. P. 3.700(b).
Here, the trial judge orally pronounced the sentence at the plea conference. Under Joslin and Robie v. State, 807 So.2d 781 (Fla. 2d DCA 2002), jeopardy attached at that point, precluding the later enhancement of the 36.45 month sentence. This is not a case where the court deferred sentencing until appellant returned from his furlough. See Joslin, 826 So.2d at 326; Robie, 807 So.2d at 783. Nor is it a case where the state moved to vacate the plea pursuant to Florida Rule of Criminal Procedure 3.170(g).
We distinguish Adams v. State, 780 So.2d 955 (Fla. 4th DCA 2001). Although the facts are very similar to this case, the crucial difference is that the trial judge in Adams "never pronounced the sentence." Id. at 958. We ruled that where no oral sentence had been pronounced, the written sentence was invalid. Id. at 959. We held that because "no sentence was imposed at the plea hearing," double jeopardy did not bar the later enhancement of the defendant's sentence for failure to honor the furlough agreement.
Here, the court's oral pronouncement of the sentence at the plea conference necessitates the finding that the sentence was imposed at the plea conference. As in this case, the Adams court orally stayed and suspended the execution of the sentence. Adams did not accord that statement any legal significance. Jeopardy attaches when a sentence has been imposed; the stay and suspension of execution of the sentence came after it was imposed, when jeopardy had already attached.
The two enhanced concurrent sentences imposed are reversed and the case is remanded to the trial court with directions to impose the concurrent 36.45 month sentences contemplated by the plea agreement.
STEVENSON, GROSS and MAY, JJ., concur.