842 So.2d 284 (2003)
MIAMI-DADE COUNTY, Appellant,
v.
Mel Tyrone MOSS, Appellee.
No. 3D02-1210.
District Court of Appeal of Florida, Third District.
April 16, 2003.
*285 Robert A. Ginsburg, Miami-Dade County Attorney, and Jeffrey P. Ehrlich, Assistant County Attorney, and Jason E. Bloch, Assistant County Attorney, for appellant.
Mel Tyrone Moss, in proper person.
Before GODERICH, SHEVIN, and RAMIREZ, JJ.
RAMIREZ, J.
Miami-Dade County appeals from a summary final judgment which awards the County compensation for the actual number of days served by appellee Mel Tyrone Moss rather than for the number of days to which he was sentenced. We reverse because section 960.293(2)(b), Florida Statutes (2000) provides that the County is entitled to compensation for the days of Moss' sentence.
Moss entered a plea of nolo contendere to possession of cocaine and was sentenced to 364 days incarceration. He actually served only 271 days, presumably as a result of "gain time" earned for good behavior. After his release, the County filed suit against Moss to recover the costs of incarceration pursuant to section 960.293, Florida Statutes (2000). Section 960.293(2) provides that a convicted offender is liable for incarceration costs and other correctional costs. Subsection (b) specifically provides for "a liquidated damage amount of $50 per day of the convicted offender's sentence." (emphasis added). See Ilkanic v. City of Fort Lauderdale, 705 So.2d 1371, 1372-73 (Fla.1998) (holding that the statute is constitutional and addresses the urgent need to decrease the financial burden on the state and its local subdivisions for the expenses of incarcerating convicted offenders).
The County moved for summary judgment to recover incarceration and correctional costs in the amount of $18,200. The trial court held that the statute was intended to compensate the state and its subdivisions for the part of the sentence that was actually served and entered final judgment for the County in the amount of $13,550.
We reverse because the plain language of section 960.293(2)(b) states that damages are liquidated for the number of days of the convicted offender's sentence, not the number of days actually served. Liability is incurred upon conviction when the actual time served is not known and therefore, damages are determined by the length of the sentence. See Cruz v. State, 742 So.2d 489 (Fla. 3d DCA 1999) (affirming a civil restitution lien assessed while the defendant was still serving his sentence). See also Goad v. Florida Dept. of Corrections, 28 Fla. L. Weekly S176 (Fla. Feb. 27, 2003) (imposing incarceration costs on sentence remaining after statute's effective date).
Reversed and remanded.