PALMER, J.
Harry James Marshall (defendant) appeals the summary denial of his rule 3.850 motion for post-conviction relief. See Fla. R.Crim. P. 3.850. He raises several grounds for post-conviction relief. However, we find only one alleged error which merits discussion.
The defendant was convicted of committing two capital sexual batteries and three lewd and lascivious acts, all involving a ten-year-old female victim. He asserts that the three lewd and lascivious offenses should have resulted in only one conviction.
While the lewd and lascivious offenses appear to have been based on different activity, it is impossible to state with cer *295 tainty that all of them occurred at different times, since the trial court did not attach a trial transcript to its post-conviction order. See King v. State, 834 So.2d 311 (Fla. 5th DCA 2003) (holding that where two lewd acts involved the same victim and there was no meaningful temporal break in the episode, only one conviction is permitted under the double jeopardy clause). The trial court based its denial of the defendant’s double jeopardy claim on the wording of the information which it attached to its order. However, the information does not conclusively show that the alleged lewd and lascivious acts were committed at different times. Accordingly, we must remand this matter to the trial court with instructions to either attach sufficient record evidence which supports the conclusion that the acts were committed at different times or to hold an evidentiary a hearing to determine whether it is necessary to vacate any of the convictions for lewd and lascivious acts as being double jeopardy violations.
AFFIRMED in part, REVERSED in part, and REMANDED.
GRIFFIN and PLEUS, JJ., concur.