ORFINGER, J.
In this Anders[1] appeal, our examination of the record and the briefs filed by Jorge Suarez and his counsel, demonstrate no preserved reversible error apparent on the face of the record. See State v. Causey, 503 So.2d 321 (Fla.1987). However, it appears that an unpreserved double jeopardy violation may exist.
Suarez was sentenced to a three-year minimum mandatory term on November 21, 2002, pursuant to a plea agreement with the State. Apparently, it was agreed that he would not have to report to begin serving his sentence until November 27, 2002. Suarez failed to report as required, and, following his arrest several days later, the trial court set aside his sentence and resentenced him to thirty-eight months in prison, with a three-year minimum mandatory term. This may or may not be a double jeopardy violation, depending on the terms of the plea agreement. See, e.g., Ingraham v. State, 842 So.2d 954 (Fla. 4th DCA 2003) (holding that jeopardy attached when the court imposed defendant’s sentence orally at the plea hearing and a double jeopardy violation occurred when the court increased the sentence after the defendant violated a furlough agreement by failing to report to begin sentence); cf. Metellus v. State, 817 So.2d 1009 (Fla. 5th DCA 2002) (holding that no double jeopardy violation occurred after defendant was resentenced on motion of the State pursuant to Florida Rule of Criminal Procedure 3.170 after defendant failed to comply with plea agreement). Nonetheless, this issue was not preserved for appeal. Accordingly, we affirm the conviction and sentence without prejudice to raise the matter in a timely motion for postconviction relief.
AFFIRMED.
GRIFFIN and PALMER, JJ., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).