MONACO, J.
Ausencio Rios appeals the summary denial of his Rule 3.850 motion, in which he asserts a number of claims, only one of which has merit. Mr. Rios argued in his motion that his conviction of two counts of committing a lewd and lascivious act on a child under 16, and two counts of sexual activity with a child while in a position of familial or custodial authority should actually have only amounted to two offenses, and that the convictions violate the principles of double jeopardy because there was no temporal break alleged or proven as to each category of crime. The trial court disposed of the claim by attaching to the order denying relief a copy of the amended *941 information under which Mr. Rios was tried. We conclude, however, that the attachment of the information was insufficient.
Double jeopardy claims are properly the subject of Rule 3.850 relief. See Wilson v. State, 693 So.2d 616 (Fla. 2d DCA 1997). In Marshall v. State, 852 So.2d 294 (Fla. 5th DCA 2003), the defendant argued in a postconviction proceeding that all three of his convictions for lewd and lascivious offenses should only have resulted in a single conviction because all three involved the same victim. We held in that case:
While the lewd and lascivious offenses appear to have been based on different activity, it is impossible to state with certainty that all of them occurred at different times, since the trial court did not attach a trial transcript to its post-conviction order. See King v. State, 834 So.2d 311 (Fla. 5th DCA 2003)(holding that where two lewd acts involved the same victim and there was no meaningful temporal break in the episode, only one conviction is permitted under the double jeopardy clause). The trial court based its denial of the defendant’s double jeopardy claim on the wording of the information which it attached to its order. However, the information does not conclusively show that the alleged lewd and lascivious acts were committed at different times. Accordingly, we must remand this matter to the trial court with instructions to either attach sufficient record evidence which supports the conclusion that the acts were committed at different times or to hold an eviden-tiary hearing to determine whether it is necessary to vacate any of the convictions for lewd and lascivious acts as being double jeopardy violations.
Marshall, 852 So.2d at 294-295. See also Jones v. State, 846 So.2d 1224 (Fla. 2d DCA 2003).
Count I of the amended information in the present case alleged that Mr. Rios handled or fondled the breast of the victim “on divers days between the 1st day of August, 1996 and the 4th day of March, 1997,” while count II alleged that he fondled the vaginal area of the victim during the same seven month period. Counts III and IV alleged two varieties of sexual activity with the victim during the period from April 1, 1997, to October 7, 1998. As in Marshall, the attachment of only the amended information does not conclusively demonstrate that there was a temporal break between each of the offenses, such that Mr. Rios could be convicted and sentenced for two of each of the offenses.
Accordingly, we remand this matter to the trial court with directions either to attach the pertinent portions of the record to support its ruling, or to conduct an evidentiary hearing on the issues raised by the motion. See Oehling v. State, 659 So.2d 1226 (Fla. 5th DCA 1995). We otherwise affirm the order denying the other claims asserted by Mr. Rios in his Rule 3.850 motion.
AFFIRMED in part, REVERSED and REMANDED with instructions.
SAWAYA, C.J., and PETERSON, J., concur.