PER CURIAM.
 

 Appellant, Walter Joseph Odol, challenges his sentence on double jeopardy grounds. On May 20, 2010, Appellant entered into a negotiated plea agreement whereby he agreed to be sentenced to 15 months’ imprisonment and the court agreed that he did not have to report to the jail until June 21, 2010. At the conelu
 
 *131
 
 sion of the plea hearing, the trial court orally pronounced Appellant’s sentence and the court reduced the sentence to writing on the same day. When Appellant failed to appear at the appointed time, the court vacated Appellant’s 15-month sentence and imposed a BO-month sentence over defense counsel’s objections. When the trial court orally pronounced the 15-month sentence, jeopardy attached and the trial court was precluded from imposing the increased sentence.
 
 Ingraham v. State,
 
 842 So.2d 954, 955 (Fla. 4th DCA 2008). This is not a case where the court deferred sentencing until the defendant returned from furlough.
 
 See Quarterman v. State,
 
 527 So.2d 1380, 1381 (Fla.1988). Nor is it a ease where the State moved to vacate the plea pursuant to Florida Rule of Criminal Procedure 3.170(g).
 
 See Metellus v. State,
 
 900 So.2d 491, 493-94 (Fla. 2005). We, therefore reverse Appellant’s 30-month sentence and remand with directions to impose the 15-month sentence contemplated by the plea agreement.
 

 REVERSED and REMANDED with directions.
 

 DAVIS, ROBERTS, and ROWE, JJ„ concur.