ON MOTION FOR REHEARING

PER CURIAM.
We grant the state’s motion for rehearing and deny its motion for rehearing en banc. We substitute the following for the slip opinion issued on April 3, 2013.
Once jeopardy attaches, a trial court is prohibited from imposing a greater penalty on a defendant than he or she initially received. If furlough conditions are announced and agreed to by the defendant after the initial pronouncement of sentence, a greater sentence cannot be imposed after the defendant violates the furlough agreement absent the State filing a motion to vacate the plea and sentence pursuant to Florida Rule of Criminal Procedure 3.170(g) and the motion being granted.[1] Because no motion to vacate the plea and sentence was filed and granted in this case, double jeopardy was violated when a longer sentence was imposed after the furlough violation. We reverse.
James Bernard Flynn was charged with burglary of a dwelling and grand theft. Flynn pleaded no contest to both charges. During the plea colloquy, there was no discussion of a furlough agreement between Flynn and the State, and Flynn’s written plea form says nothing about a furlough agreement. Rather, the subject of furlough arose after the court accepted Flynn’s plea, but just prior to the court announcing a sentence. At that point, Flynn’s attorney advised the judge: “we agreed he could stay out till [sic] Monday before the court imposes sentence.” The judge responded, “Certainly subject to certain terms and conditions,” to which Flynn’s attorney said, “Right.” The trial judge immediately proceeded to sentence Flynn to two nine-year terms, granted fur *470 lough, and ordered him to surrender on November 29,1999.
After sentencing, the court explained that failure to appear would result in his agreed sentence being vacated and the maximum sentences being entered for each of his charges. Flynn responded that he understood and agreed. Subsequently, he failed to return from furlough. Eleven years later, he was brought to the court; his nine-year sentences were vacated; and the maximum sentence for each charge was entered. Now, Flynn argues that his double jeopardy rights were violated because he was sentenced twice for each offense.
Double jeopardy bars a defendant from being convicted or punished twice for the same offense. Scott v. State, 937 So.2d 746, 749 (Fla. 4th DCA 2006). Once jeopardy attaches, a trial court is prohibited from imposing a penalty greater than the sentence already imposed. Ingraham v. State, 842 So.2d 954, 955 (Fla. 4th DCA 2003).
This case is somewhat factually similar to Ingraham. In Ingraham, the defendant and the State agreed to a 36.45 month prison sentence and a three-month furlough for medical reasons. Id. The furlough conditions were discussed by the court prior to the trial court accepting the defendant’s plea. Id. The defendant signed a waiver form explaining that if he failed to return from furlough, the court could enter a substantially greater sentence. Id. at 954-55. The trial court accepted the plea as agreed and imposed the agreed upon sentence at the plea conference, but then stayed and suspended execution of the sentence until the date the defendant’s furlough was to end. Id. at 955. On the same day of the plea conference, the trial court entered a written judgment and sentence. Id. After the defendant failed to surrender as ordered, the trial court vacated the original sentence and imposed a longer sentence.
We explained that the crucial moment when jeopardy attaches is when the trial court orally pronounces the defendant’s sentence. Id. at 955. This submits the defendant to jeopardy, and his sentence cannot be increased without violating principles of double jeopardy. Id. Here too, jeopardy attached when the trial court orally pronounced Flynn’s sentence to each nine-year term.
What we wrote in Ingraham applies to this case as well:
This is not a case where the court deferred sentencing until appellant returned from his furlough. Nor is it a case where the state moved to vacate the plea pursuant to Florida Rule of Criminal Procedure 3.170(g).
Id. (citations omitted).
The State’s answer brief makes a one-sentence argument that Flynn waived a double jeopardy claim: “Additionally, [Flynn] waived any double jeopardy claim when he agreed to the ‘failure to appear’ provisions.” The State supports the argument with a citation to Judge Stevenson’s concurring opinion in Adams v. State, 780 So.2d 955, 959 (Fla. 4th DCA 2001). We first note that the majority in Adams did ground its decision in part on the fact that the furlough agreement was part of a plea agreement and “it became a part of the court’s acceptance of the plea.” Id. at 958. Likewise, the two cases cited in the concurring opinion in support of a waiver argument, Novaton v. State, 634 So.2d 607 (Fla.1994) and West v. State, 758 So.2d 1232 (Fla. 4th DCA 2000), involved written plea agreements in which the defendant implicitly waived a double jeopardy argument by negotiating for a specific sentence. The State makes no argument, in its answer brief or motion for rehearing, that Flynn agreed to the furlough as part *471 of his plea agreement. If the furlough was a part of Flynn’s plea agreement, then the State should have moved to vacate the plea and sentence pursuant to Florida Rule of Criminal Procedure 3.170(g).
It is also difficult to square the waiver argument with our holding in Ingraham. In Ingraham, the furlough agreement was in uniting and discussed with the trial court prior to the court accepting the plea, whereas in this case, the furlough agreement was discussed verbally after the trial court accepted the plea. If the waiver argument was not persuasive in Ingraham, it is less persuasive on the facts of this case.
In the motion for rehearing, the State asserts Flynn had no legitimate expectation of finality in the original sentence pronounced when he agreed, as part of the furlough, that the sentence could be longer if he failed to surrender on time. Without a legitimate expectation of finality, double jeopardy was not violated by the longer sentence. United States v. DiFrancesco, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). However, the State did not make this argument in its answer brief. Thus, the argument cannot be raised on rehearing. Ayer v. Bush, 775 So.2d 368 (Fla. 4th DCA 2000) (“It is a rather fundamental principle of appellate practice and procedure that matters not argued in the briefs may not be raised for the first time on a motion for rehearing.”).

Reversed and remanded for further proceedings.

STEVENSON, CIKLIN and CONNER, JJ., concur.
CIKLIN, J., did not serve on the original panel, but has had the opportunity to review the entire case.

. Because the issue was not raised or argued on appeal, we do not address whether a defendant's consent to furlough conditions after the initial pronouncement of sentence may constitute a modification of the plea agreement.