CASANUEVA, Judge.
Cecil Brian Brown appeals the order resentencing him to two years’ imprisonment after he committed a new law violation during the furlough he was granted before he was required to serve a ten-month jail term. The State concedes that the resentencing violated Brown’s double jeopardy rights. Although Brown has been released from prison, we have jurisdiction to review his sentence because of the collateral legal consequences to Brown. See Godwin v. State, 593 So.2d 211, 212 (Fla.1992) (noting that Florida courts recognize that an otherwise moot case will not be dismissed if, inter alia, “collateral legal consequences that affect the rights of a party flow from the issue to be determined”). We reverse.
On December 15, 2011, Brown entered a written negotiated plea to driving while license suspended or revoked (DWLSR), and the trial court sentenced him to ten months in county jail. The jail term was to begin on January 3, 2012. After pronouncing the jail term, the court advised Brown that if he committed any new law violations during his furlough, he would be subject to a term of imprisonment of up to five years.
Brown turned himself in on the agreed date, but it came to the court’s attention that he had been arrested for another charge of DWLSR while on furlough. Because of Brown’s commission of a new law violation, the trial court conducted a resen-tencing hearing for the original DWLSR conviction and, over defense counsel’s objections, resentenced Brown to two years’ imprisonment.
In this appeal, Brown argues and the State concedes that jeopardy attached when the trial court sentenced him on December 15, 2011, and that, therefore, the trial court violated his double jeopardy rights when it resentenced him for the same offense on January 3, 2012. See Joslin v. State, 826 So.2d 324, 326 (Fla. 2d DCA 2002) (discussing the distinction between sentencing a defendant before releasing him on furlough, at which time jeopardy attaches, and accepting a defendant’s plea and delaying the imposition of *966 sentence until he returns from furlough; noting that in the former scenario the trial court may not impose a harsher sentence to punish the defendant for offenses committed while on furlough or for failing to return on the appointed date), disapproved of on other grounds, Metellus v. State, 900 So.2d 491 (Fla.2005); see also Odol v. State, 64 So.3d 130, 131 (Fla. 1st DCA 2011); Ingraham v. State, 842 So.2d 954, 955 (Fla. 4th DCA 2003). The State also concedes that there is no evidence that the prosecutor filed a motion to vacate Brown’s plea and sentence for noncompliance with the plea agreement. See Fla. R.Crim. P. 3.170(g)(2)(A) (providing that the State may move to vacate a plea and sentence within sixty days of a defendant’s noncompliance with a plea agreement).
Although Brown has been released from prison, he faces possible collateral consequences from his conviction. See Bush v. State, — So.3d-, 38 Fla. L. Weekly D1991, 2013 WL 5224933 (Fla. 2d DCA Sept.18, 2013) (reversing in part for reinstatement of order of probation in one of appellant’s cases on appeal because of the possibility appellant would be liable for incarceration and other correctional costs); § 960.293, Fla. Stat. (2012) (providing that upon conviction, defendants are liable to the state and its local subdivisions for the costs of incarceration and other correctional costs); § 960.297 (authorizing a civil action to recover the costs set forth in section 960.293); see also Miami-Dade Cnty. v. Moss, 842 So.2d 284, 285 (Fla. 3d DCA 2003) (“[T]he plain language of section 960.293(2)(b) states that damages are liquidated for the number of days of the convicted offender’s sentence, not the number of days actually served.”). Accordingly, we reverse Brown’s sentence of two years’ imprisonment and remand with directions to the trial court to reinstate his original sentence of ten months in jail.
Reversed and remanded with directions.
DAVIS, C.J., and KHOUZAM, J., Concur.