PER CURIAM.
Wycliffe Inston Mitchell appeals the order revoking his probation in two cases. The State properly concedes that the trial court erred in revoking Mitchell’s probation based on a finding that he violated his curfew, as the trial court did not impose a curfew as a special condition of probation. See Narvaez v. State, 674 So.2d 868, 869 (Fla. 2d DCA 1996) (holding it is funda *310 mental error for a trial court to find a person in violation of a condition of probation that was never ordered).
Accordingly, we reverse the order of revocation and the resulting sentences. We note that Mitchell has been released from prison and has fully served his probation, but it is possible that he faces collateral consequences, including costs of incarceration and related costs, from his unlawful imprisonment. See Bush v. State, 135 So.3d 1108, 1110 (Fla. 2d DCA 2013); Brown v. State, 128 So.3d 964, 966 (Fla. 2d DCA 2013). For that reason, on remand, the trial court shall reinstate the original probationary sentence.
Reversed and remanded.
VILLANTI, C.J., and KELLY and BLACK, JJ., concur.