WALLIS, J.
Arial Morris (“Appellant”) appeals.the denial of her motion for postconviction relief pursuant to Florida. Rule of Criminal Procedure 3.850. Only one of Appellant’s grounds for relief merits discussion. Finding that the trial court violated the prohibition against double jeopardy by re-sentencing Appellant to a greater term of incarceration after she failed to timely return from furlough, we reverse and remand with instructions to reinstate Appellant’s original sentence.
On November 15, 2013, Appellant pled nolo contendere as part of a plea agreement to criminal use of personal identification information (Count I), conspiracy to commit criminal use of identification information (Count II), and organized fraud (Count III). The trial court sentenced Appellant to 44,85 months’ incarceration followed by 10 years’ probation on each count, to run concurrently. In addition, the trial court granted Appellant a three-day furlough, after which she was to report to jail and begin her sentence. The trial court advised (Appellant that, if she failed to timely return from furlough, it would revise her sentence, potentially up to the maximum of 60 years’ incarceration.
When Appellant failed to report after her furlough, the trial court' vacated her sentence and resentenced her to 30 years’ incarceration as to ’Count I, 15 years’ incarceration as to Count II, and 15 years’ incarceration as to Count III, to run consecutively to Count II. In March 2014, Appellant moved for reconsideration, and the trial court modified her sentence on Count .1 to 20 years’ incarceration. In April 2014 Appellant again moved for reconsideration, and,- following a hearing in June 2014, the trial court resentenced her to three concurrent terms--of nine years’ incarceration followed by- 20 years’ probation.
On May' 27, 2015, Appellant filed this amended Rule 3.850 motion arguing, inter alia, that the trial court violated the prohibition against double jeopardy by resen-tencing her following her failure to report after her furlough. The trial court denied relief on this ground, reasoning that it informed Appellant that it would increase her sentence if she did not timely report.
“Double jeopardy claims are properly the subject of Rule 3.850 relief.” Rios v. State, 889 So.2d 940, 941 (Fla. 5th DCA 2004) (citing Wilson v. State, 693 So.2d 616 (Fla. 2d DCA 1997)). “Jeopardy ‘attaches when a court imposes a sentence, after which the double, jeopardy clauses protect the defendant from receiving a punishment greater than the sentence already imposed.’ ” Ingraham v. State, 842 So.2d 954, 955 (Fla. 4th DCA 2003) (quoting Joslin v. State, 826 So.2d 324 (Fla. 2d DCA 2002), disapproved of on other grounds by Metellus v. State, 900 So.2d *632 491 (Fla.2005)). When the court withholds sentencing until after the defendant returns from furlough, and the defendant does not timely return, it does not violate double jeopardy by imposing a longer sentence than that to which the parties agreed. See Adams v. State, 780 So.2d 955, 958-59 (Fla. 4th DCA 2001). However, “if the court sentences the defendant before allowing him to leave on furlough ... the. double jeopardy claus.es bar the court from resentencing, the defendant to a greater term of imprisonment even though he did not live up to his part of the agreement.” Joslin, 826 So.2d at 326; accord Odol v. State, 64 So.3d 130, 131 (Fla. 1st DCA 2011); Ingraham, 842 So.2d at 955.
Based on the foregoing, we hold that the trial court violated, double jeopardy by resentencing Appellant following her return from furlough. Therefore, we reverse Appellant’s sentence and remand for the trial court to impose the original concurrent sentence of 44.85 months’ incarceration followed by 10 years’ probation on each count.
REVERSED and REMANDED .with Instructions.
PALMER and LAMBERT, JJ., concur.